**Entered on Docket**
**September 08, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: September 04, 2009**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 08-32220 TEC |
| CMR MORTGAGE FUND, LLC, a California limited liability company, | Chapter 11 |
| Debtor. | |
| CMR MORTGAGE FUND, LLC, a California limited liability company, | |
| Plaintiff, | Adv. Proc. No. 08-3148-TC |
| vs. | |
| CANPARTNERS REALTY HOLDING COMPANY IV LLC, a Delaware limited liability company; SCD KUNIA, LLC, a Hawaii limited liability company; and STANFORD CARR, an individual, and DOES 1 through 20, inclusive, | |
| Defendants. | |

**MEMORANDUM DECISION RE SCD KUNIA, LLC AND STANFORD CARR'S MOTION TO DISMISS AMENDED COMPLAINT**

On November 30, 2008, CMR filed the complaint initiating this action against project manager SCD Kunia, LLC ("SCD") and SCD's President, Stanford Carr. The original complaint alleged three

MEMO RE SCD AND CARR'S
MOTION TO DISMISS AM. COMPL.

-1-

1 claims against SCD and Carr: breach of contract (SCD only); breach

2 of fiduciary duty; and aiding and abetting senior lender Canyon's

3 breach of fiduciary duty.  On May 8, 2009, the court dismissed CMR's

4 claims against SCD and Carr with leave to amend.

5      On May 29, 2009, CMR filed an amended complaint.  The amended

6 complaint alleges the same claims against SCD and Carr: breach of

7 contract (SCD only); breach of fiduciary duty; and aiding and

8 abetting Canyon's breach of fiduciary duty.  CMR's amended complaint

9 newly alleges that HDC's rights under the Project Management

10 Agreement were fully assigned to CMR and Canyon pursuant to section

11 2 of the Project Management Assignment Agreement.  Am. Compl., ¶ 83;

12 Opp. to Motion to Dismiss at 4:19-25.  The amended complaint also

13 contains new details regarding Carr's allegedly intentionally false

14 statements regarding the Project's financial status, and new

15 allegations regarding false comparables purportedly used by an

16 individual hired by SCD to perform a value analysis of the Project.

17 Id., ¶¶ 39.

18      Upon due consideration, and for the reasons set forth below,

19 the amended complaint states a claim for breach of the Assignment

20 Agreement upon which relief can be granted.  The amended complaint

21 fails to state a claim for breach of fiduciary duty or for aiding

22 and abetting breach of fiduciary duty upon which relief can be

23 granted.  The claims for breach of fiduciary duty and for aiding and

24 abetting are dismissed without leave to amend.

25 **GOVERNING LAW**

26 **A.   Standard of Review**

27      A court should dismiss a complaint if it does not set forth

28 sufficient factual allegations, if accepted as true, "to state a

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

-2-

1 claim to relief that is plausible on its face." <u>Bell Atlantic Corp.</u>

2 <u>v. Twombly</u>, 550 U.S. 544, 555 (2007).  A claim is plausible when the

3 facts pleaded allow the court to draw the reasonable inference that

4 the defendant is liable for the alleged misconduct.  <u>Id.</u>  Threadbare

5 recitals of the elements of a cause of action, supported by mere

6 conclusory statements, do not suffice to state a claim for relief.

7 <u>Id.</u>  When a complaint pleads facts that are "merely consistent with"

8 a defendant's liability, it "stops short of the line between

9 possibility and plausibility of 'entitlement to relief.'" <u>Ashcroft</u>

10 <u>v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(quoting <u>Twombly</u>)).

11       In ruling upon a motion to dismiss, the court may consider the

12 contents of documents referred to in the complaint and central to

13 the complaint, if the authenticity of the documents is not

14 contested.  <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 705-06 (9th Cir.

15 1998); <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994)

16 (overruled on other grounds in <u>Galbraith v. County of Santa Clara</u>,

17 307 F.3d 1119, 1127 (9th Cir. 2002)).  The court may consider such

18 documents without converting the motion to dismiss into a motion for

19 summary judgment.  <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076-66 (9th Cir.

20 2005).  Any ambiguity in the documents, however, must be resolved in

21 the plaintiff's favor.  <u>Int'l Audiotext Network, Inc. v. AT&T Co.</u>,

22 62 F.3d 69, 72 (2d Cir. 1995); <u>Hearn v. R.J. Reynolds Tobacco Co.</u>,

23 279 F.Supp. 2d 1096, 1102 (D. Ariz. 2003).

24       If a court dismisses a complaint, leave to amend should be

25 freely given, unless amendment would be futile.  <u>Theme Promotions,</u>

26 <u>Inc. v. News Am. Mkting. FSI</u>, 546 F.3d 991, 1010 (9th Cir. 2008).

27

28

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

-3-

Case: 08-03148   Doc# 70   Filed: 09/04/09   Entered: 09/08/09 14:49:47   Page 3 of 12

**B.    CMR'S Opposition to Motion to Dismiss is not Procedurally Defective**

SCD argues that CMR's opposition is procedurally defective, in that the arguments made by CMR are based on facts and law available to CMR at the time it opposed SCD and Carr's motion to dismiss the original complaint.  Citing Local Rule 7-9(b) and <u>Daghlian v. Devry Univ., Inc.</u>, 2008 U.S. Dist. LEXIS 109147 (C.D. Cal. Feb. 19, 2008), SCD contends that because CMR cannot "specifically show" that there is a "material difference in fact or law. . . from that which was presented to the Court" before entry of the original order, that there has been "an emergence of new material facts or a change of law" since the order, or that the court failed "to consider material facts or dispositive legal arguments which were [previously] presented," its arguments in opposition to the motion to dismiss are procedurally improper.  The court does not agree.

First, Civil Local Rule 7-9(b) does not apply to bankruptcy cases or adversary proceedings.  L.B.R. 1001-2(a).  Second, and more importantly, unlike in <u>Daghlian</u>, in which movant sought relief from summary judgment, CMR is not seeking relief from an order.  The court granted CMR leave to amend its original complaint.  There is no order or judgment on the amended complaint.  Accordingly, Rule 60(b) does not apply to CMR's opposition to the motion to dismiss.

**C.    Rules of Construction of Contracts**

The construction and legal effect to be given a contract is generally a question of law.  <u>Hanagami v. China Airlines, Ltd.</u>, 67 Haw. 357, 364 (1984).  In construing a contract, the court must determine the parties' intent from the four corners of the agreement, viewing the document as a whole, unless the language is ambiguous.  <u>Foundation Int'l., Inc. v. E.T. Ige Const., Inc.</u>, 102

**MEMO RE SCD AND CARR'S
MOTION TO DISMISS AM. COMPL.**

-4-

1 Haw. 487 (2003).  Ambiguity is found to exist only when the

2 contract, taken as a whole, is subject to differing interpretations.

3 Sturla, Inc. v. Fireman's Fund Ins. Co., 67 Haw. 203 (1984).

4 **APPLICATION OF THE LAW TO FACTS OF CASE**

5 **A.    Claim for Breach of Contract (SCD only)**

6      The Assignment Agreement provides that SCD "agrees and

7 covenants to perform all of [SCD]'s obligations under the Project

8 Management Agreement."  Assign. Agmt., § 2.  CMR contends that this

9 direct promise entitles CMR to assert HDC's rights under the Project

10 Management Agreement.

11      CMR has stated a plausible claim for relief for breach of

12 contract based on SCD's *direct* covenant to CMR to perform SCD's

13 obligations under the Project Management Agreement.  Taking the

14 allegations in the amended complaint as true, the Assignment

15 Agreement is reasonably susceptible to the interpretation that SCD's

16 contractual obligations included the implied obligation not to drive

17 down the value of the Project by making intentionally false

18 statements to potential investors regarding the Project's value.

19      CMR has alleged its fraud-based claim for breach of contract

20 with sufficient particularity, because the amended complaint alleges

21 when the alleged intentional misstatements were made, who made them,

22 who heard them, and what specific investors refused to invest in the

23 Property after hearing the alleged misstatements.  Am. Compl., ¶¶

24 39, 84, 87.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-06

25 (9th Cir. 2003).

26      For the reasons set forth in the court's May 8, 2009 Memorandum

27 Decision (the Decision), CMR has no direct claim for breach of the

28 Project Management Agreement because: (1) CMR is not a party to the

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

-5-

1 Project Management Agreement, (2) CMR is not a third party

2 beneficiary of the Project Management Agreement, and (3) CMR does

3 not allege that it or Canyon gave written notice to SCD of Lender's

4 election to exercise HDC's rights under the Project Management

5 Agreement.  Decision at pp. 7-9.  As explained in the Decision,

6 although the Assignment Agreement provided for a present assignment

7 of HDC's rights under the Management Agreement, it also provides

8 that CMR can assert those rights only after CMR gives SCD written

9 notice of its election to do so.  Assign. Agmt., § 1.

10      CMR argues that it is entitled to sue for breach of the Project

11 Management Agreement, because Hawaii law allows a party to assign

12 its rights under a contract without assigning the assignor's duties

13 or liabilities under the contract.  Wohlschlegel v. Uhlmann-Kihei

14 Properties, Inc., 4 Haw. App. 123, 135-36 (1983).  The court does

15 not quarrel with this proposition.  However, it does not change the

16 court's conclusion that CMR may not sue to enforce the Project

17 Management Agreement, because the Assignment Agreement unambiguously

18 conditions CMR's assertion of HDC's rights under the Project

19 Management Agreement upon CMR's written notice of election.  Assign.

20 Agmt., § 1.

21      Nor does the Credit Agreement provide CMR a means for directly

22 enforcing the Project Management Agreement.  The Credit Agreement

23 permits "Lender," in the Event of Default, to exercise HDC's rights

24 under the Project Management Agreement.  § 12.2.11.  The Credit

25 Agreement also contains a supremacy clause, stating that the

26 provisions in the Credit Agreement control in the event of a

27 conflict or inconsistency with a provision in any other Loan

28 Document.  § 14.20.  CMR argues that the combined effect of these

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

1 provisions is to allow CMR to enforce HDC's rights under the Project

2 Management Agreement, without providing a written notice of election

3 of its intention to exercise those rights following an Event of

4 Default. The court disagrees. The general provision in the Credit

5 Agreement entitling "Lender" to exercise HDC's rights under the

6 Project Management Agreement upon an Event of Default, is not

7 inconsistent with the more specific provision in the Assignment

8 Agreement requiring CMR to notify HDC in writing of its election to

9 exercise HDC's rights under the Project Management Agreement, prior

10 to CMR having the ability to exercise such rights.

11      For all these reasons, CMR has stated a plausible claim for

12 breach of the Assignment Agreement, and has not stated a plausible

13 claim for breach of the Project Management Agreement.

14 **B.    Claim for Breach of Fiduciary Duty (SCD)**

15      In support of its claim for breach of fiduciary duty against

16 SCD, CMR alleges that, as agent of HDC, SCD owed a fiduciary duty

17 not only to HDC, but also to CMR by virtue of the Project Management

18 Agreement and the Assignment Agreement. Am. Compl., ¶ 87. CMR

19 alleges that SCD breached its fiduciary duty because it engaged in

20 conduct that effectively chilled the market for potential investors

21 in the Project, by telling potential investors that the Super-Pads

22 would have a fair market value that was less than the costs to build

23 out the remaining infrastructure and pay off the existing debt. Id.

24 CMR also alleges that, using project funds, SCD contracted with

25 Ricky Cassidy to perform market studies of homes in similar areas,

26 and that the studies contained data that was manipulated to give the

27 impression that the end sales prices of homes would not justify an

28 investment in the Property beyond the current debt. Id. CMR

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

-7-

alleges that the studies included homes of inferior quality,

location, community, and desirability.  Id.

     As explained above, CMR is not a party to, or third party

beneficiary of, the Project Management Agreement.  Although SCD owed

CMR a contractual duty to perform its obligations to HDC under the

Project Management Agreement, and although the Credit Agreement gave

Lender the right to exercise HDC's rights under the Project

Management Agreement in the Event of Default,[1] these contractual

rights and remedies between CMR and SCD did not create a fiduciary

relationship between SCD and CMR on the basis of agency.

> Agency is the fiduciary relationship that arises when one
> person (a "principal") manifests assent to another person
> (an "agent") that the agent shall act on the principal's
> behalf and subject to the principal's control, and the
> agent manifests assent or otherwise consents to act.

Rstmt. Agency (Third), § 1.01.

     The amended complaint does not allege that SCD "manifested

assent" to act on behalf of CMR.  Nor is the Assignment Agreement

reasonably susceptible to such an interpretation.  The Assignment

Agreement does not provide that SCD is an agent for CMR.  Rather,

the Assignment Agreement expressly provides that it is an agreement

"for security purposes only" (¶ 15), and that SCD shall continue "to

fulfill its obligations to [HDC]" under the terms of the Project

Management Agreement, unless and until Lender gives written notice

to SCD of its election to exercise HDC's rights under the Project

Management Agreement.  ¶ 1.  Neither the original nor the amended

complaint allege that CMR or Canyon ever gave written notice to SCD

of Lender's election to exercise HDC's rights under the Project

---

[1] Credit Agmt., § 12.2.11.

**MEMO RE SCD AND CARR'S
MOTION TO DISMISS AM. COMPL.**

-8-

Management Agreement. Because the Assignment Agreement and Project Management Agreement are not reasonably susceptible to the interpretation that SCD was CMR's agent, and because the amended complaint does not allege that SCD otherwise manifested assent to act on behalf of CMR, the amended complaint does not allege an agency relationship. Absent a plausible allegation of agency, the amended complaint cannot state a claim for breach of fiduciary duty against SCD upon which relief can be granted. Rstmt. Agency (Third), § 1.01.[2] For this reason, and for the reasons set forth in the Decision, CMR has failed to state a claim against SCD for breach of fiduciary duty.

**C.   Breach of Fiduciary Duty (Carr)**

CMR alleges that, as agent of HDC, Carr owed a fiduciary duty not only to HDC, but also to CMR by virtue of the Project Management Agreement and the Assignment Agreement. Am. Compl., ¶ 87. CMR alleges that Carr's estimates of value regarding the Property were intentionally, knowingly, and falsely substantially lower than the true values, as a means of chilling any investors from working with HDC to develop the Project and with CMR to protect the value of its note. Id., ¶ 87. CMR alleges that Carr made oral statements regarding the Property's value while in Hawaii in February 2008, and that such statements were heard by David Choo of CMR and Divco West. Id., ¶¶ 39, 87. CMR alleges that the statements were misleading because they made it appear there was no value in the Property in

---

[2] Assuming, *arguendo*, the existence of an agency relationship between SDC and CMR, the claim for breach of fiduciary duty against SDC fails for the reasons set forth in the Decision, and on the additional ground that the amended complaint does not allege that SCD was negligent in hiring Ricky Cassidy, or that SCD participated in the creation of the market studies written by Cassidy.

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

-9-

excess of the debt and that the statements caused potential

investors, such as Divco West, Jager Realty Group, and Forest City

to refuse to entertain investing in the Project. <u>Id.</u>

The amended complaint fails to state a claim against Carr upon

which can be granted for the reasons set forth above in Section B,

and for the additional reason that Carr signed the Project

Management Agreement and the Assignment Agreement as the president

and manager of SCD, and not in his individual capacity. The amended

complaint does not allege that Carr, as agent for SCD, manifested an

intent to become a party to the Project Management Agreement or the

Assignment Agreement. The amended complaint does not allege a claim

to pierce the corporate veil. Absent such allegations, Carr cannot

be held liable for breach of the agreements, or for breach of a

fiduciary duty created by the agreements. <u>Laeroc Waikiki Parkside,</u>

<u>LLC v. K.S.K. (Oahu) Ltd. Pship.</u>, 115 Haw. 201, 213-14 (2007).

Other than via contract, CMR does not allege any basis for the

creation of a fiduciary duty owed by Carr to CMR. Accordingly, and

for the additional reasons stated in the Decision, CMR has failed to

state a claim for breach of fiduciary duty against Carr upon which

relief can be granted.

**D.    Claim for Aiding and Abetting Breach of Fiduciary Duty**

CMR alleges that SCD and Carr actively assisted Canyon in

breaching its fiduciary duties for their own financial gain. Am.

Compl., ¶ 92. Because the court has determined that CMR failed to

state a claim against Canyon for breach of fiduciary duty, CMR's

claim for aiding and abetting Canyon's breach of fiduciary

necessarily fails to state a claim upon which relief can be granted.

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

1 <u>Richard B. LeVine, Inc. v. Higashi</u>, 131 Cal. App. 4th 566, 574-75

2 (2005).

3 **DISMISSAL WITHOUT LEAVE TO AMEND**

4     Except with respect to the claim for breach of the Assignment

5 Agreement, CMR has failed to allege new, substantive allegations to

6 support its claims against SCD and Carr, after receiving an

7 opportunity to amend the original complaint.  The court has no

8 reason to believe that CMR would be able to allege new facts to

9 support its claims for relief if given a third bite at the apple.

10 Accordingly, and except as to CMR's claim against SCD for breach of

11 contract, the amended complaint is dismissed in its entirety,

12 without leave to amend.  <u>Allen v. City of Beverly Hills</u>, 911 F.2d

13 367, 373-74 (9th Cir. 1990) (court has broad discretion to deny

14 leave to amend when plaintiff has previously amended its complaint).

15               **\*\*END OF MEMORANDUM DECISION\*\***

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMO RE SCD AND CARR'S
MOTION TO DISMISS AM. COMPL.**

Case: 08-03148   Doc# 70   Filed: 09/04/09   Entered: 09/08/09 14:49:47   Page 11 of
12

1 **Court Service List**

2

3 Michael D. Cooper, Esq.
  Wendel, Rosen, Black and Dean
4 1111 Broadway, 24th Floor
  P.O. Box 2047
5 Oakland, CA 94604-2047

6 Richard J. Grad, Esq.
  Jeremy Rosenthal, Esq.
7 Sidley, Austin, Brown and Wood
  555 W 5th St.
8 Los Angeles, CA 90013-1010

9 Ryan Sandrock, Esq.
  Robert B. Martin III, Esq.
10 Sidley Austin LLP
  555 California St. #2000
11 San Francisco, CA 94104

12 Douglas R. Young, Esq.
  Richard Van Duzer, Esq.
13 Rachael Turner, Esq.
  Tyler Gerking, Esq.
14 Farella, Braun and Martel
  235 Montgomery St.
15 San Francisco, CA 94104

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMO RE SCD AND CARR'S**
**MOTION TO DISMISS AM. COMPL.**

-12-